Filed 5/28/24  P. v. Romero CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OMAR SANTANA ROMERO,<br><br>    Defendant and Appellant. | A167815<br><br><br>(Napa County Super. Ct.<br>No. 22CR001071) |

In 2023, pursuant to a plea agreement, defendant Omar Santana Romero[1] pled no contest to inflicting corporal injury on a person with whom he had a dating relationship and admitted inflicting great bodily injury.  He also admitted his conduct fell within five aggravating sentencing factors.  The trial court sentenced him to the middle term of three years in prison for the offense, and it struck the punishment for the enhancement.  On appeal, he argues the court erred by failing to treat the low-term sentence as presumptive given evidence that his childhood trauma contributed to the commission of the offense.  (Pen. Code, § 1170, subd. (b)(6).)  We affirm.

---

[1] Defendant's surname inconsistently appears in the record as Santanaromero and Santana Romero.  We adopt the form used by defendant.

1

## BACKGROUND

Defendant and Jane Doe were in a dating relationship for five years. During that time, she estimated he assaulted her on at least 20 occasions; *he* put the number at 50 times or more. On May 6, 2022, she called the police and reported he recently assaulted her twice. When officers arrived, they observed "severe" facial injuries. Doe's left eye was "nearly swollen shut," "the left side of her face above her eye" was "black-and-blue," her nose and right eye were bruised, and she had a carpet burn on her forehead.

Doe described the assaults to the officers. She recounted an incident two days prior where defendant repeatedly slapped her. She curled into the fetal position to protect herself, but he forcefully pulled her off the couch by her hair and threw her onto the carpet. She lost consciousness. She came to in a different room, feeling "[e]xcruciating" pain "all over her face." She believed he'd "kicked or punched" her. She asked him to take her to the hospital, but he refused.

She also described an incident that took place earlier that day. She and defendant drove to a park to discuss their troubled relationship. Because he was not engaged in the conversation, she decided she would drive them back to their apartment. As she was driving, he grabbed at the steering wheel and attempted to steer the car into oncoming traffic; ultimately, the car crashed into a fence. She eventually drove them back to their apartment complex and told him she wanted to take a walk by herself. Nevertheless, he got out of the car and began following her. She asked him to leave her alone, but he continued to follow her and began insulting her. Fearful he would assault her, she took out her cellphone to call the police, but he grabbed it and began walking towards their apartment. She went to a neighbor's home and used their phone to summon the police.

Defendant also called 911 and asked to speak with police about his actions.  When the police made contact, he waived his rights under *Miranda v. Arizona* (1966) 384 U.S. 436, told them about his relationship with Doe, and discussed the recent incidents.  He admitted taking her phone that day and kicking at her feet to trip her.  He acknowledge that two days earlier, he slapped her, pulled her off the couch, and "stomp[ed] her using his foot across her face."

Pursuant to a January 2023 plea agreement, Santana Romero pled no contest to inflicting corporal injury on a person with whom he had a dating relationship and admitted inflicting great bodily injury on Doe.  (Pen. Code, §§ 273.5, subd. (a), 12022.7, subd. (e); undesignated statutory references are to this code.)  He also admitted his conduct fell within five aggravating sentencing factors alleged in the information. (Cal. Rules of Court, rule 4.421(a)(1), (a)(3), (a)(8), (a)(11), (b)(1); undesignated rule references are to these rules.)  The parties agreed the sentence would not exceed five years in prison.

At the sentencing hearing, the trial court considered the probation report, a diagnostic report prepared by the Department of Corrections and Rehabilitation, defendant's statement, and the parties' briefs and arguments — including defense counsel's argument that his client had experienced "childhood trauma" "clearly related to the commission" of the offense.  Defense counsel did not cite section 1170, subdivision (b)(6) in his sentencing brief or at the sentencing hearing.  Ultimately, the court sentenced defendant to the middle term of three years in prison for the corporal injury offense and struck the punishment for the enhancement.

3

## DISCUSSION

Defendant contends remand for resentencing is required because the trial court failed to treat the low-term sentence as presumptive under section 1170, subdivision (b)(6). We find no error.

Effective January 1, 2022, Assembly Bill No. 124 (2021–2022 Reg. Sess.) amended section 1170 and created a presumption that the trial court must impose a low-term sentence under certain circumstances, such as when a defendant's childhood trauma was a contributing factor to the offense. (§ 1170, subd. (b)(6); Stats. 2021, ch. 695, § 5.1; *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1095.) In such instances, the low term must be imposed "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that [its] imposition . . . would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) We presume trial courts know and apply governing law when sentencing defendants. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.) And we review sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

Defendant pled no contest to inflicting corporal injury on a person with whom he had a dating relationship and admitted inflicting great bodily injury on Doe. He also admitted his conduct fell within five aggravating factors, including (1) the "crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness"; (2) the "victim was particularly vulnerable"; (3) the "manner in which the crime was carried out indicates planning, sophistication, or professionalism"; (4) the "defendant took advantage of a position of trust or confidence to commit the offense"; and (5) the "defendant has engaged in violent conduct that indicates a serious danger to society." (Rule 4.421(a)(1), (a)(3), (a)(8), (a)(11), (b)(1).) In mitigation, it was

4

undisputed he experienced childhood trauma — exposure to domestic violence. And the trial court concluded he was remorseful and "committed to not going that route in the future."

Balancing aggravating and mitigating factors, the trial court noted defendant's conduct was "very disturbing. It's brutal. It's vicious. It was repeated." The court acknowledged his remorse and commitment not to reoffend but noted this was "not just a single very brutal, very egregious assault, but one of many over an extended period of time." The court also acknowledged his childhood trauma and "the fact that individuals who see and are exposed to domestic violence as children are probably at greater risk to be abusers when they become adults." But it also observed that some similarly exposed children never commit domestic violence. Ultimately, the court struck the punishment for the enhancement in light of the mitigating circumstances. But with regard to the inflicting corporal injury offense, after "balancing the aggravating and mitigating factors" and "exercising [its] discretion," the court imposed the middle term of three years.

Defendant contends the trial court erred "by failing to treat the low-term sentence as the presumptive term, as required by section 1170(b)(6)." (Boldface omitted.) He fails to persuade. As he acknowledges — and the Attorney General concedes — it was undisputed he experienced childhood trauma and that it contributed to commission of the offense. Indeed, the court explicitly acknowledged defendant's childhood trauma and cited it when striking the punishment for the enhancement. We presume the court was also aware of section 1170, subdivision (b)(6) which, at the time of sentencing,

5

had been effective for more than 15 months. (*People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1390.)

The trial court provided an extensive sentencing explanation and described how it balanced the aggravating and mitigating circumstances. It acknowledged defendant's childhood trauma and remorse but stressed the fact that this was "not just a single very brutal, very egregious assault, but one of many over an extended period of time." Defendant estimated he had assaulted Doe approximately 50 times, and he admitted his conduct fell within five aggravating sentencing factors. (Rule 4.421(a)(1), (a)(3), (a)(8), (a)(11), (b)(1).) In light of the record, we are confident the court applied section 1170, subdivision (b)(6) and found that "the aggravating circumstances outweigh[ed] the mitigating circumstances" such that imposition of the low-term sentence for the inflicting corporal injury offense "would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) No abuse of discretion appears. (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 847.) Having resolved this matter on the merits, we do not address defendant's claim of ineffective assistance of counsel.

## DISPOSITION

We affirm the judgment.

_____

RODRÍGUEZ, J.

WE CONCUR:

_____

FUJISAKI, Acting P. J.

_____

PETROU, J.

A167815